**IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

NATIONWIDE MUTUAL INSURANCE )
COMPANY A/S/O )
THOMAS AND NADINE BRUHN, )
                                    )    C.A. No.: N14C-07-076 ALR
           Plaintiffs, )
                                    )
      v. )
                                      )
HH GREGG, INC., and )
3PD HOLDING, INC., )
                                    )
          Defendants. )

Date Submitted: November 30, 2015
Date Decided: December 17, 2015

***Upon Defendants' Motion in Limine to Preclude or Limit***
***The Report and Testimony of Plaintiff's Expert,***
***Kenneth R. McLauchlan, P.E., CFEI***
**DENIED**

This matter arises from damages sustained by Nationwide Mutual Insurance

Company ("Plaintiff") from providing insurance coverage to their insured, Thomas

and Nadine Bruhn ("Insured"), as a result of alleged negligence by HH Gregg, Inc.

and 3PD Holding, Inc. (collectively "Defendants"). Plaintiff contends that

Defendants – in installing a new refrigerator in the home of Insured in December

2012 – were negligent in their installation of water lines to the new refrigerator,

their replacement of the refrigerator, and in failing to properly train or supervise

the installation of the water lines to the refrigerator such that it caused damage to Insured's water lines and residence.

Plaintiff proposes to present the testimony of an expert witness, Kenneth McLauchlan, P.E., CFEI, a forensic engineer who personally inspected Insured's residence and relevant parts of the refrigerator. Mr. McLauchlan also took photographs. Mr. McLauchlan's expert opinion rules out any design or manufacturing defects with the water supply line, which is the opinion of Defendants' expert witness. Instead, Mr. McLauchlan's expert opinion is that the water supply hose was damaged when Defendants installed the refrigerator.

Defendants have filed a motion *in limine* to limit or exclude the testimony of Plaintiff's expert. Defendants do not contest Mr. McLauchlan's qualifications. Rather, Defendants argue that Mr. McLauchlan's opinion is scientifically unsupported.

At the trial level, it is the role of the Court to perform a gatekeeping function with expert testimony.[1] The admissibility of such testimony is governed by Delaware Rule of Evidence 702, which provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data,

---

[1] *Sturgis v. Bayside Health Ass'n*, 942 A.2d 579, 583 (Del. 2007).

(2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[2]

Delaware has adopted the *Daubert* standard to determine whether an expert has a reliable basis in the knowledge and experience of the relevant discipline. Under this standard, the trial judge may consider the following factors: 1) whether the theory or technique has been tested; 2) whether it has been subjected to peer review and publication; 3) whether a technique has a high known or potential rate of error and whether there are standards controlling its operation; and 4) whether the theory or technique enjoys acceptance within a relevant scientific community.[3]

In addition to the *Daubert* factors, Delaware requires the trial judge to consider an additional five-step test to determine admissibility of expert testimony.[4] The trial judge must determine that:

(1) the witness is qualified as an expert by knowledge, skill, experience, training or education;
(2) the evidence is relevant;
(3) the expert's opinion is based upon information reasonably relied upon by experts in that particular field;
(4) the expert testimony will assist the trier of fact to understand the evidence or determine a material fact in issue; and
(5) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[5]

---

[2] D.R.E. 702
[3] *Sturgis*, 942 A.2d at 584 (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)).
[4] *Id.*
[5] *Id.*

The Court is satisfied that Mr. McLauchlan's expert opinion is based upon information reasonably relied upon by experts in that particular field, including Mr. McLauchlan's personal inspection.  Mr. McLauchlan's testimony and report is relevant and will assist the jury in understanding the evidence and determining a fact in issue – the cause of the damage to Insured's water lines and residence.  The Court finds that the probative value of Mr. McLauchlan's testimony substantially outweighs any prejudicial effect. Defendants' concerns regarding Mr. McLauchlan's testimony go to its weight and not its admissibility and Defendants can effectively cross-examine Mr. McLauchlan at trial.

**NOW, THEREFORE, this 17th day of December, 2015, Upon Defendants' Motion** *in Limine* **to Preclude and/or Limit the Report and Testimony of Plaintiff's Expert, Kenneth R. McLauchlan, P.E., CFEI, is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

**Hon. Andrea L. Rocanelli**